IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| DOUGLAS ALAN BURDEN | § | |
| VS. | § | CIVIL ACTION NO. 1:09cv756 |
| LAYNE WALKER, ET AL. | § | |

MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING
THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Douglas Alan Burden, an inmate confined at the Ellis I Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this petition for writ of mandamus against District Judge Layne Walker and David Barlow. Judge Walker presided over petitioner's state criminal case. Mr. Barlow acted as special prosecutor.

The court previously referred this matter to the Honorable Zack Hawthorn, United States Magistrate Judge. The Magistrate Judge has submitted a Report and Recommendation of United States Magistrate Judge recommending the petition be dismissed.

The court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record and pleadings. Petitioner filed objections to the Magistrate Judge's Report and Recommendation. The court must therefore conduct a *de novo* review of the objections.

After carefully considering the objections filed by the petitioner, the court is of the opinion the objections are without merit. Petitioner asks this court to direct Judge Walker to change the certification he provided to the state intermediate appellate court concerning whether petitioner could appeal his state criminal conviction. The Magistrate Judge's recommendation for dismissal was based on his conclusion that federal courts lack the authority to direct state judicial officers in the performance of their duties. In his objections, petitioner does not contest this conclusion, but, instead, explains why Judge Walker acted improperly when he certified to the intermediate appellate court that petitioner could not appeal his conviction.

Based on the authorities cited in the Report and Recommendation, the court agrees that it

cannot grant petitioner a writ of mandamus directing a state judicial officer in the performance of his duties.  While petitioner asserts 28 U.S.C. § 1651 authorizes this court to issue writs of mandamus, Section 1651 "is not an independent grant of jurisdiction; it authorizes a court to issue commands necessary to effectuate orders it has previously issued 'in its exercise of jurisdiction otherwise obtained.'"  *Nabelek v. Cockrell*, 61 Fed.Appx. 120 (5th Cir. 2003) (quoting *Texas v. Real Parties in Interest*, 259 F.3d 387, 392 (5th Cir. 2001)).  Petitioner's reliance on *Ex Parte Young*, 209 U.S. 123 (1908), is similarly misplaced.  In *Ex Parte Young*, the Supreme Court held that Eleventh Amendment immunity did not bar claims for prospective injunctive relief against state officials sued in their official capacities.  However, the principle that federal courts cannot direct state judicial officers in the performance of their duties encompasses request for injunctive relief as well as mandamus relief.  *Johnson v. Bigelow*, 239 Fed.Appx. 865 (5th Cir. 2007) (affirming dismissal of request for injunctive relief against a state judge because federal courts lack the authority to direct state judicial officers in the performance of their duties).   This petition will therefore be dismissed.

## ORDER

Accordingly, petitioner's objections are **OVERRULED**.  The findings of fact and conclusions of law of the Magistrate Judge are correct and the report of the Magistrate Judge is **ADOPTED**.  A final judgment shall be entered dismissing this petition.

So **ORDERED** and **SIGNED** this **20** day of **July, 2012.**

_____
Ron Clark, United States District Judge